ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| VÍCTOR MIRANDA SANTANA

Recurrente

v.

DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN

Recurrido | TA2025RA00028 | *Revisión Judicial* Departamento de Corrección y Rehabilitación, División de Remedios Administrativos

Caso Núm.: B-352-25

Sobre: Suplementos Alimenticios |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 8 de septiembre de 2025.

El señor Víctor Miranda Santana, miembro de la población correccional (parte recurrente o señor Miranda Santana), presentó un recurso de *Mandamus* contra el *Physician Correctional*.

Por los fundamentos que exponemos, denegamos el auto de *mandamus*.

### I.

El **16 de junio de 2025**, el señor Miranda Santana presentó un recurso titulado *Mandamus* contra Physician Correctional*.* Alegó que el 10 de febrero de 2025, el endocrinólogo, Dr. Gabriel Irizarry Villafañe le recetó el suplemento para diabéticos, "glucerna". Indicó que es diabético e hipertenso y que el médico determinó que era necesario para bajar los picos altos de azúcar en la sangre, en combinación con otros medicamentos.

Manifestó que agotó los remedios administrativos, hasta el 9 de junio de 2025, cuando recibió la contestación de la coordinadora regional de la División de Remedios Administrativos. Reiteró que el Physician Correctional no está cumpliendo con el debido proceso de ley, que no le honran las recetas y que los recursos de remedios administrativos se los desestiman. Junto al recurso, Miranda Santana, incluyó una Resolución que emitió la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación el 21 de mayo de 2025. Surgen del aludido documento las siguientes determinaciones de hechos:

1. El recurrente presentó Solicitud de Remedios Administrativos el 13 de marzo de 2025 ante el Evaluador de Remedios Administrativos, Maribel García Charriez de la Oficina de Bayamón. En su escrito expone que no le están suministrando el suplemento de glucerna.

2. Se realiza respuesta por parte de la Sra. Maribel García Charriez, Evaluadora de la Oficina de Bayamón el 17 de marzo de 2025 en la cual desestima el recurso a la luz del Reglamento Para Atender Las Solicitudes de Remedios Administrativos Radicadas por Los Miembros de la Población Correccional. Se hace la entrega al recurrente del Recibo de Respuesta el 25 de marzo de 2025.

3. El 3 de abril de 2025, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.

4. Se acoge reconsideración el 16 de abril de 2025.

En las conclusiones de derecho el foro administrativo expresó, en parte, lo siguiente:

"De otra parte, el personal del área médica explicó que la glucerna controla niveles de azúcar en personas bajo peso. En el caso del recurrente no reúne los requisitos para darle el suplemento alimenticio."

En la parte de "Disposición", el foro administrativo decretó lo siguiente, "confirmar la respuesta recibida por parte de la Sra.

Maribel García Charriez, Evaluadora de la Oficina de Bayamón."[1] Tras ello, le apercibió al recurrente de su derecho a solicitar revisión judicial dentro del término de treinta (30) días calendario al Tribunal de Apelaciones, a tenor con la sección 4.2 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme.[2]

En el recurso intitulado *Mandamus*, el señor Miranda Santana, incluyó varios anejos, entre ellos, un documento de recetario con el nombre del médico Gabriel Irizarry Villafañe y la prescripción médica de "Glucerna".

Así las cosas, recibido el recurso, el 1ro de julio de 2025, emitimos una Resolución para que el Departamento de Corrección y Rehabilitación diligenciara el emplazamiento a *Physician Correctional*. Ello, porque la acción se trataba de una petición de cumplimiento con la entrega de medicamentos recetados al peticionario.

El 21 de julio de 2025, el Departamento de Corrección y Rehabilitación, presentó una *Moción En Cumplimiento De Resolución.* Indicó que incluía una copia del documento que emitió Physician Correctional el 11 de julio de 2025. En cuanto al suplemento "Glucerna", indicó que el documento indicaba que el paciente no reunía los criterios para la toma de este. Junto a su escrito, incluyó la certificación médica aludida.

El aludido documento consistía en una Certificación Médica, de fecha 11 de julio de 2025, que preparó el Dr. Marcos E. Devarie Díaz, Director de Servicios Clínicos. En esta mencionaba el historial de las condiciones médicas del recurrente y los medicamentos recetados. Expresó, además que, "[a]ctualmente

---

[1] SUMAC TA, Anejo Res. recurrida
[2] Íd.

el paciente no reúne los criterios para la toma del suplemento nutricional Glucerna."[3]

El 22 de julio de 2025 el peticionario reiteró su solicitud de *mandamus*. Informó que la parte recurrida no cumplió con nuestra orden del 1ro de julio de 2025, pues Physician Correctional no honró las recetas del doctor Irizarry.[4]

Así las cosas, el 5 de agosto de 2025, este foro intermedio emitió una Resolución, en la cual, acusamos recibo de los escritos de la parte recurrida y los anejos presentados físicamente. En cuanto al recurso de *Mandamus*, le ordenamos al peticionario que indicara en veinte (20) días, si tenía algo adicional que solicitar.[5]

En respuesta, el 11 de agosto de 2025, Miranda Santana presentó un escrito en el que indicó que el 25 de julio de 2025, vio nuevamente al doctor Irizarry, endocrinólogo, quien le volvió a recetar los suplementos. No obstante, no acompañó la aludida orden. Señaló que los empleados del Physician Correctional le indican que no debe tomarlos por orden médica de otro médico. Alega que ese médico no es especialista en diabetes. Reiteró su petición de que se le conceda el suplemento en virtud de la orden del endocrinólogo especialista en diabetes.

Evaluados el expediente, resolvemos.

**II.**

**A.**

El auto de *mandamus* es un recurso extraordinario altamente privilegiado y discrecional, cuyo propósito es compeler a cualquier persona, corporación, junta o tribunal inferior, a ejecutar un acto ordenado por ley en calidad de un deber

---

[3] SUMAC TA, entrada 4, Anejo I.
[4] SUMAC TA, entrada 5.
[5] SUMAC TA, entrada 6.

resultante de un empleo, cargo o función pública, en situaciones en que dicho deber no admite discreción en su ejercicio, por lo que ello es de carácter ministerial, es decir, mandatario e imperativo. Ver Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; Regla 54 de las de Procedimiento Civil, 32 LPRA Ap. V R. 54; Aponte Rosario v. CEE, 205 DPR 407, 428 (2020); AMPR v. Srio. Educación, ELA, 178 DPR 253, 263 (2010).

Debido a su naturaleza extraordinaria, el *mandamus* está disponible únicamente cuando el peticionario carece de "un recurso adecuado y eficaz en el curso ordinario de la ley". Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; Kilómetro 0 v. Pesquera López et al, 207 DPR 200, 214 (2021). Por consiguiente, la expedición del recurso "[n]o procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". AMPR v. Srio. Educación, E.L.A.*, supra*, pág. 267.

**B.**

El Artículo 4.006 (c) de la *Ley de la Judicatura* de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24y, faculta al Tribunal de Apelaciones a atender las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas.

Cónsono con lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, establece que el escrito inicial para la revisión judicial de una resolución final de un foro administrativo deberá ser presentado dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la determinación final de la agencia. 4 LPRA Ap. XXII-B, R. 57.

Ahora bien, la función revisora de este foro apelativo con respecto a las determinaciones del Departamento de Corrección, como de cualquier otra agencia, es de carácter limitado. Pérez López v. Depto. Corrección, 208 DPR 656, 674 (2022). Así pues, es norma de derecho claramente establecida que los tribunales apelativos, al momento de revisar las determinaciones administrativas, están obligados a conceder deferencia a las decisiones de las agencias en consideración a que estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado. Katiria's Café v. Mun. de San Juan, 2025 TSPR 33, 215 DPR __ (2025); Hernández Feliciano v. Mun. Quebradillas, 211 DPR 99, 114 (2023); Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016); Pagán Santiago et al. v. ASR, 185 DPR 341, 358 (2012). Por lo anterior, también se ha reiterado que las determinaciones administrativas están revestidas de una presunción de legalidad y corrección que debe ser respetada mientras la parte que las impugne **no produzca evidencia suficiente para derrotarlas**. Katiria's Café v. Mun. de San Juan, *supra*; OEG v. Martínez Giraud, 210 DPR 79, 89 (2022); Capó Cruz v. Junta de Planificación et al., 204 DPR 581, 591 (2020); Torres Rivera v. Policía de PR, *supra*; Trigo Margarida v. Junta Directores, 187 DPR 384, 393-394 (2012). El criterio rector al revisar una actuación de la agencia recurrida es la razonabilidad de la acción impugnada. Katiria's Café v. Mun. de San Juan, *supra*; Torres Rivera v. Policía de PR, *supra*.

Asimismo, la Sección 4.5 de la Ley Núm. 38-2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9675, y nuestra jurisprudencia limita la revisión judicial a los siguientes

tres aspectos: "(1) que el remedio concedido por la agencia fue el apropiado; (2) que la revisión de las determinaciones de hecho esté conforme al criterio de evidencia sustancial, y (3) determinar si las conclusiones de derecho fueron correctas mediante su revisión completa y absoluta". Katiria's Café v. Mun. de San Juan, *supra,* citando a Pagán Santiago et al. v. ASR, 185 DPR 341, 358 (2012).

En cuanto a las conclusiones de derecho, los tribunales apelativos tienen la facultad de revisarlas en todos sus aspectos. Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR ____ (2025); Otero Rivera v. USAA Fed. Savs. Bank*,* 2024 TSPR 70, 214 DPR _____ (2024)*.* Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. (Énfasis nuestro). Jusino Rodríguez v. Junta de Retiro, 2024 TSPR 138, 215 DPR __ (2024); Hernández Feliciano v. Mun. Quebradillas, *supra*; Torres Rivera v. Policía de PR, *supra*, pág. 628.

A tenor con la antes mencionada normativa, disponemos.

### III.

Mediante un recurso de Mandamus presentado el 16 de junio de 2025, Miranda Santana solicitó que le ordenemos al Physician Correctional que le provean el suplemento para la diabetes "glucerna", según lo receto el doctor Irizarry. Adujo que, desde el 21 de febrero de 2025, agotó todo tipo de remedio

administrativo, hasta el 9 de junio de 2025, fecha en que recibió la contestación de la División de Remedios Administrativos.

Evaluado el recurso y los apéndices, denegamos el presente recurso.

De los hechos aquí reseñados surge que el señor Miranda Santana acudió a este foro intermedio, vía recurso de *mandamus*, para que le ordenemos al Physician Correctional que le supliera un suplemento nutricional que le había ordenado un médico.

No obstante, vía el auto de *mandamus*, no podemos intervenir, porque este es un recurso de naturaleza extraordinaria, disponible únicamente cuando el peticionario carece de "un recurso adecuado y eficaz en el curso ordinario de la ley".[6] Aquí el señor Miranda Santana contaba con un trámite adecuado, a través de la División de Remedios Administrativos, para hacer valer su reclamación.

De hecho, según manifestó el peticionario, y así lo corroboramos de los anejos del recurso, la División de Remedios Administrativos atendió el reclamo de Miranda Santana relacionado al suplemento de "glucerna". El 21 de mayo de 2025, el foro administrativo denegó esta petición. Contra esta determinación, el peticionario podía acudir a este Tribunal de Apelaciones mediante un recurso de revisión administrativa, más no lo hizo. En lugar de culminar el referido trámite, el señor Miranda Santana acudió a nuestro foro por la vía del *mandamus*. Por tanto, existía un trámite adecuado en Ley que es la revisión de la decisión en el término de treinta (30) días. Ello no ocurrió, por lo que, no podemos intervenir en el caso, vía *mandamus*, con el trámite administrativo inconcluso.

---

[6] Art. 651 del Código de Enjuiciamiento Civil, *supra*.

Ahora bien, si consideramos el recurso intitulado *Mandamus* como uno de revisión administrativa, por haberse presentado dentro de los treinta (30) días de emitido el dictamen, este petitorio tampoco procede.

El peticionario acompañó una receta de "glucerna", que emitió un médico en febrero del año 2025. Sin embargo, la División de Remedios Administrativos denegó conceder su solicitud para que se le supliera el referido suplemento, pues el personal del área médica indicó que el recurrente no reunía los requisitos para darle ese suplemento alimentario. Esta determinación merece nuestra deferencia.

En su escrito a nuestro foro, el Departamento de Corrección y Rehabilitación incluyó una certificación médica que emitió el 11 de julio de 2025 el Director de Servicios Clínicos del Physician Correctional, Dr. Marcos E. Devarie Díaz. En esta, indicó que el paciente no reunía los criterios para la toma del suplemento nutricional. Con ello, queda sustentada la razonabilidad de la decisión recurrida.

Por otro lado, le concedimos término al peticionario para que se expresara en cuanto a este escrito y el recurrente no nos demostró que la determinación recurrida fuese arbitraria, irrazonable, ilegal o carente de una base racional. Aun más, aludió a que se le había entregado otra receta del "glucerna", pero no incluyó copia.

**IV.**

Por las razones antes expresadas, determinamos denegar el auto de *mandamus* aquí solicitado. Por otra parte, si acogiéramos el recurso como uno de revisión administrativa, procede *confirmar* la determinación que emitió la División de Remedios Administrativos el 21 de mayo de 2025.

Disponemos que el Secretario del Departamento de Corrección y Rehabilitación debe entregar copia de esta determinación al recurrente, en la institución correccional donde se encuentre recluido.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones